RECEIVED

AUG 1 9 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Edwards

versus

Continental Casualty Company

Civil Action No. 15-00168

Judge Richard T. Haik, Sr.

Magistrate Judge C. Michael Hill

MEMORANDUM RULING

Before the Court are Cross Motions for Partial Summary Judgment filed by plaintiff, Thomas R. Edwards [Rec. Doc. 21] and Continental Casualty Company ("Continental") [Rec. Doc. 23], Continental's opposition to Edwards' Motion [Rec. Doc. 23], Edwards' opposition to Continental's Motion [Rec. Doc. 27] and Edward's reply to Continental's opposition [Rec. Doc. 28] For the following reasons, Edwards' motion will be granted and Continental's motion will be denied.

*I. Background*

This declaratory judgment action was brought by Edwards when Continental declined to provide him defense and coverage under his law firm's professional services liability policy. Edwards represented Andrew Schmidt in a personal injury case against Cal Dive in this Court, *Cal Dive Int'l, Inc. v. Andrew Schmidt, et al*, Civil Action No. 12-cv-00930 ("*Cal Dive I*"). Schmidt, a commercial diver for Cal Dive, sued for disabling injuries he sustained on April 7, 2010, during a dive performed in the course and scope of his employment. On October 15, 2013, approximately one week before trial, the parties settled the case. *Cal Dive I, R. 92*. The settlement was to be funded through a lump-sum payment to Schmidt with the balance used to purchase three annuity contracts administered by an insurance company—one with Schmidt, one with Edwards and on with Schmidt's other counsel in the case.

On October 15, 2014, one year after the settlement, Cal Dive and its insurer filed the underlying lawsuit against Edwards and others, *Cal Dive Int'l, Inc. v. Andrew Schmidt, et al*,

Civil Action No. 14-cv-03033 ("*Cal Dive II*"). In *Cal Dive II*, at issue in this action, Cal Dive alleges that it had been fraudulently induced into settling *Cal Dive I* as a result of Schmidt's alleged exaggeration and/or fabrication of the extent of his injuries during the lawsuit. Cal Dive sought a judgment vacating the settlement agreement in its entirety, ordering that all undisbursed funds on the three annuity contracts be "refunded" by the broker administering those contracts, and ordering that Schmidt, Edwards and Schmidt's other counsel "reimburse" Cal Dive for all funds they received as a result of the settlement. Cal Dive pleaded unjust enrichment and restitution against Edwards, asserting that, but for Schmidt's alleged fraud in *Cal Dive I* it never would have funded the settlement. *R. 8-2, ¶¶ 59-64.* The complaint in *Cal Dive II* was dismissed by the Court on March 4, 2015 and Cal Dive filed a notice of appeal.

Continental issued Lawyer Professional Liability Policy No 190920771 to Edwards' law firm, Domengeaux Wright Roy & Edwards, LLC, for the policy period from April 1, 2014 to April 1, 2015 ("the Policy"). Edwards is a named insured under the Policy. *R. 21, Exh. A.* Edwards notified Continental of the claims against him in *Cal Dive II* on October 24, 2014. On December 3, 2914, Continental issued a letter declining to cover the claims or provide a defense for *Cal Dive II*. Edwards filed this action on January 27, 2015. On March 19, 2015, Continental filed an answer and counterclaim asserting there is no coverage because (1) Cal Dive did not allege an act or omission in the performance of legal services by Edwards, and (2) the damages sought by Cal Dive from Edwards are "legal fees" that are excluded by the Policy. *R. 8.*

Edwards moves for a partial summary judgment on his claim that Continental is obligated to defend him in *Cal Dive II* and seeks dismissal of Continental's affirmative defenses and counterclaim for declaratory judgment denying that it has a duty to defend.

Edwards represents he has incurred legal fees and costs in defending the *Cal Dive II* lawsuit without assistance from Continental and will continue to incur such fees and costs in defending the lawsuit. Edwards states that, at this time, he does not seek a judgment that Continental must indemnify him if a damage award is rendered in *Cal Dive II*. Thus, the issue before the Court is whether or not Continental has a duty to defend Edwards pursuant to the plain terms of the Policy.

## II. Legal Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed.R.Civ.P. 56(c)). When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5ᵗʰ Cir.1986). "On cross-motions for summary judgment, [a court] review[s] each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party." *Ford Motor Co. v. Tex Dep't of Transp.*, 264 F.3d 493, 498 (5ᵗʰ Cir.2001). The court must find "[a] factual dispute [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party [and a] fact [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5ᵗʰ Cir.1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"Whether an insurer has a duty to defend is determined solely by 'compar[ing] the allegations in the complaint against the insured with the terms of the policy' at issue[-]the so-called "eight corners" rule." *Lamar Advertising Co.*, 396 F.3d 654, 660 (5ᵗʰ Cir. 2005).

"The duty to defend arises if there are any facts, which, if taken as true, support a claim for which coverage is not unambiguously excluded." *Complaint of Stone Petroleum Corp.*, 961 F.2d 90, 91 (5th Cir.1992). "Assuming all the allegations of the petition are true, the insurer must defend, regardless of the outcome of the suit, if there would be both (1) coverage under the policy and (2) liability to the plaintiff." *Hardy v. Hartford Ins. Co.*, 236 F .3d 287, 290 (5th Cir.2001) (citing *Yount v. Maisano*, 627 So.2d 148, 153 (La.1993)). The allegations must be "liberally interpreted" in favor of the insured. *See id.*

### III.  Legal Analysis

Edwards contends the plain language of the Policy demonstrates that the parties reasonably contemplated he would be defended if he were sued for damages based upon legal services he performed for a client. The Policy provides:

> The Company [Continental] agrees to pay on behalf of the Insured all sums in excess of the deductible that the Insured shall become legally obligated to pay as damages and claim expenses because of a claim that is both first made against the Insured and reported in writing to the Company during the policy period by reason of an act or omission in the performance of legal services by the Insured. . . .

*R. 8-1, § I.A, p. 24.*

> Section III, Definitions, defines "Claim" as,

> . . . a demand, including the service of suit or the institution of any alternative dispute resolution proceeding, received by the Insured for money or services arising out of an act or omission, including personal injury, in the rendering of or failure to render legal services.

*R. 8-1,§ III, p. 26.* "Damages" are defined as,

> . . . judgments, awards and settlements (including pre-judgment interest), provided any settlements negotiated with the assistance and approval of the Company. Damages do not include:
> A.    Legal fees, costs and expenses paid or incurred or charged by any Insured, no matter whether claimed as restitution of specific funds, forfeiture, financial loss, set-off or other wise, and injuries that are a consequence of any of the foregoing; . . . ."

**4**

*Id, p. 27.* "Legal Services" are defined in the Policy to mean
    A.     those services, including pro bono services, performed by an Insured for
            others as a lawyer, arbitrator, mediator, title agent or other neutral fact
            finder or as a notary public."

*Id., p. 28.*

Relying on the foregoing terms of the Policy, Continental argues the complaint in the *Cal Dive II* action does not meet either of the two requirements necessary to trigger the Policy's Insuring Agreements: (1) that the claim in the underlying action must have arisen by reason of an act or omission in performance of legal services; and, (2) that the recovery sought in the underlying action must fall within the Policy's definition of damages. In particular Continental contends that, rather than seeking covered damages as defined in the Policy, the *Cal Dive II* action seeks only return of the legal fees paid to Edwards as part of the settlement, which are excluded under the Policy's definition of "damages." Continental also contends that Edwards did not commit an "act or omission in the performance of legal services" because the *Cal Dive II* action seeks only restitution of the legal fees paid to Edwards from the settlement which was "because of the Client's conduct—not Edwards' conduct"—and restitution of legal fees is excluded under the Policy.

Continental cites *Pias v. Continental Cas. Ins. Company*, 2013 WL 4012709 (W.D. La., 2013) to support that it owes no defense to its insured because the plaintiffs in the *Cal Dive* action seek nothing more than the return of attorneys' fees paid under a contingency fee arrangement. In *Pia*, the client contested the calculation of the contingency fee by her attorney upon settlement of her worker's compensation claim. *Id.* at *2. The client believed the fee was in violation of the statute, discharged the attorney and filed a motion for a return of the fee. The attorney sought defense and indemnity under his professional liability insurance policy with Continental. The court agreed with Continental that the case was simply a "run-of-the-mill" attorney's fee dispute which did not constitute a "claim" under the policy because

**5**

it did not arise out of any acts or omissions in the attorney's rendering of legal services. *Id.* at *5.

Edwards asserts that the *Cal Dive II* action against him is a covered "claim" because it is (1) a demand—"service of suit" (2) for money (3) arising out of (4) alleged acts of omission in the rendering of legal services—the representation of Schmidt during the *Cal Dive I* lawsuit and settlement negotiations. He further asserts that the Fifth Circuit has held that the words "arising out of" in the context of liability insurance are "broad, general, and comprehensive terms effecting broad coverage," *Willbros RPI, Inc. v. Continental Cas. Co.*, 601 F.3d 306, 311 (5ᵗʰ Cir. 2010), and require only "but for" causal relationship between an act and the alleged injury, *see Shore Chan Bragalone Depumpo LLP v. Greenwich Ins. Co.*, 856 F.Supp.2d 891, 898 (N.D.Tex.,2012); *Bollinger Marine Fabricators, LLC v. v. Marine Travelift, Inc.*, 2015 WL 1638115, 6 (E.D.La.,2015). Hence, Edwards contends in order to have a claim for damages under the Policy he must demonstrate only a causal connection between his legal services and the complained of injury for which he is seeking coverage.

Edwards submits that the argument Continental makes in this case is similar to the one it made in *Continental Casualty Co. v. Cole*, 809 F.2d 891, 896 (D.C. Cir. 1987), which was rejected by that court. In *Cole*, a lawyer retained another law firm on behalf of his client. The lawyer specified that the law firm could not settle the case without his consent and that he would share any attorney's fees ultimately awarded. After the case was settled, the lawyer sued the law firm for failing to obtain his consent to the proposed settlement and refusing to share with him the attorneys' fees that it had received in the case. *Id.* at 895. Continental argued it had no duty to defend its insureds because the underlying claims arose from a breach of contract between two firms and not the performance of professional services. *Id.* at 896. The court focused its analysis on the nature of the actions that caused the alleged

damages—the insureds' activities while functioning as attorneys in settling a case and accepting attorneys' fees. *Id.* This analysis lead to the court's decision that the claims and alleged damages fell within the coverage language of the policy which limited coverage to damages arising from "the performance of professional services for others in the insured's capacity as a lawyer." *Id.*

Upon considering the foregoing jurisprudence, the Court finds that Continental advocates an oversimplification of the issue at bar. This case does not constitute a "run-of-the-mill" attorney fee dispute and *Pias* as well as the other cases cited by Continental in support thereof are inapposite. Here, Edwards was clearly acting as a lawyer, performing legal services for Schmidt by representing him and negotiating the settlement and details of his case when the alleged injury leading to the *Cal Dive II* action occurred. Unlike the fee disputes that arise between clients and attorneys upon resolution of a matter, *Cal Dive II* involves an attempt to unwind and vacate the entire settlement agreement and all of the proceeds paid that Edwards negotiated with Cal Dive on behalf of Schmidt, based on allegations of wrongdoing by Schmidt in *Cal Dive I*. But for Edwards' attorney-client relationship with Schmidt in *Cal Dive I*, the claims against him in *Cal Dive II* would not have occurred.

Moreover, relief such as that alleged in *Cal Dive II* undermines Continental's contention that Cal Dive's claim against Edwards is excluded from the Policy because it seeks only the type of damages that are not covered by the Policy—"legal fees, costs and expenses paid or incurred or charged by any Insured." The Court disagrees that the claim against Edwards in this case is "plain and simple." Nor is it like any other claim with a potential connection to fees as Continental contends.

In *Continental Cas. Co. v. Law Offices of Melvin James Kaplan*, 801 N.E. 2d 992, 994 (Ill. App. 1st Dist. 2003), a former client sought the return of fees paid to the insured attorney

who had failed to properly obtain a discharge of the fee obligation during the client's bankruptcy proceeding. The policy contained a damages exclusion clause identical to the clause in this case. Continental argued, as in this case, that the recovery sought was a consequence of legal fees and therefore outside of the policy's definition of damages. Finding that Continental owed a defense under the policy, the court stated "[t]he fact that the damages sought [ ] may well be measured by the sums paid for legal services rendered . . . does not mean that the injury suffered is a consequence of the fees charged." *Id.* at 39-40.

Other courts have also held that requests for reimbursement of a legal fee can be characterized as covered damages in policies with language similar to that in this case. In *Citrus World, Inc. v. Ferraiuoli, Torres, Marchand & Rovira, P.S.C.*, 2014 WL 1007744, 16 (D.Puerto Rico,2014), a former client sued his insured lawyer for professional negligence and the insurer sought to deny coverage based on the damages' exclusion for the "return of legal fees." The court held that the return of or reimbursement for legal fees did not preclude coverage for either the fees paid by the lawyer's former client to other counsel to remedy the lawyer's alleged negligence or "*the fees paid by the [former client] to [the lawyer]*." *Id.* at *16 (emphasis supplied). The court reasoned that "fees paid in the underlying action can take on a different character . . . they are compensable damages flowing [ ] from" the act that forms the predicate for the claim. *Id.* The court further reasoned, because attorneys' fees may be the only damages at issue on a claim against a lawyer, "it would make little sense to read out coverage of such claims from the professional liability policy." *Id.* Hence, the *Citrus World* court concluded that the critical issue as to whether or not damages should be excluded as "fee disputes" requires determining whether the claim is a consequence of a business practice by the lawyer, in which the claim may be excluded, or a consequence of the actual practice of law, in which the claim will be covered notwithstanding the exclusion. *Id.*

**8**

The Court agrees with the foregoing reasoning as well as the court's use of a deeper analysis than that proposed by Continental. In other words, the "run-or-the-mil" fee disputes between a lawyer and his or her own client, co-counsel, or former law firm may come under the exclusion. *See Pias*, 2013 WL 4012709, *5 (involving a "straight forward fee dispute" between a lawyer and a former client, and not an "act or omission in the performance of legal services"). Claims based on an act by the lawyer for a client that *may* be quantified with reference to fees, however, do not come under the exclusion. *See Kaplan*, 801 NE.2d at 39-40 (involving a claim for legal fees owed for pre-petition services in a bankruptcy action based on the same lawyer's failure to obtain a discharge of that obligation).

Unlike a dispute over billing to a client or the division of fees with another lawyer, the claim against Edwards in *Cal Dive II* is integral to, and cannot be divorced from, the legal services he performed for Schmidt. The *Cal Dive II* plaintiffs are not simply seeking a return of legal fees paid, they are seeking to unwind the settlement and to recoup the entirety of the proceeds paid in settlement against Edwards' client as well as Edwards himself. Continental cites no case where the "legal fee" exclusion it advocates has been applied under facts even remotely similar to those in this case. The Court finds that the jurisprudence as well as the factual circumstances underlying this action neither trigger the legal fee exclusion nor otherwise relieve Continental of its duty to defend Edwards.[1]

### Conclusion

Based on the foregoing, the Court will grant Edward's Motion For Partial Summary Judgment and Continental's Motion For Partial Summary Judgment will be denied.

Richard T. Haik, Sr.

---

[1] An insurer's duty to defend is triggered under Louisiana law unless the petition unambiguously excludes all coverage. *See Hardy v. Hartford Ins. Co.*, 236 F.3d 287, 290 (5th Cir.2001).